UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SHAQUIESHA CUBBY,

     Plaintiff,

                                       CASE NO.:

v.

                                       DIVISION:

BODY LLC d/b/a BODY NUTRITION,

     Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

     Plaintiff, Shaquiesha Cubby, ("Plaintiff"), by and through undersigned counsel, hereby sues Defendant, Body LLC, d/b/a Body Nutrition ("Defendant"), and in support of her claims states as follows:

## JURISDICTION AND VENUE

     1.     This is an action for damages under the Florida Workers' Compensation Act ("FWCA"), Fla. Stat. § 440.205, Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., and the Florida Constitution, Article X, Section 24, as well as the Florida Minimum Wage Act ("FMWA"), Fla. Stat. § 448.110.

     2.     This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 201 et seq. This Court has pendant jurisdiction over the state law claims.

     3.     Venue is proper in the Middle District of Florida, because all of the events giving rise to these claims occurred in Sarasota County, Florida.

## PARTIES

     4.     Plaintiff is a resident of Pinellas County, Florida.

5.      Defendant operates a manufacturing business for nutrition supplements and other products in St. Petersburg, in Pinellas County, Florida.

## GENERAL ALLEGATIONS

6.      Plaintiff has satisfied all conditions precedent, or they have been waived.

7.      Plaintiff has hired the undersigned attorneys and agreed to pay them a fee.

8.      Plaintiff requests a jury trial for all issues so triable.

9.      At all times material hereto, Plaintiff was an "employee" within the meaning of the FWCA, Fla. Stat. § 440.02(15)(a) and the FLSA.

10.     At all times material hereto, Defendant was an "employer" within the meaning of the FWCA, Fla. Stat. § 440.02(16) and the FLSA.

11.     At all times material hereto, Plaintiff was "engaged in the production of goods" for commerce within the meaning of Sections 6 and 7 of the FLSA, and as such was subject to the individual coverage of the FLSA.

12.     At all times material hereto, Defendant was and continues to be an enterprise engaged in the "providing of services for commerce" within the meaning of the FLSA, 29 U.S.C. §§ 203(r) and 203(s).

13.     At all times relevant to this action, the annual gross sales volume of Defendant exceeded $500,000 per year.

14.     At all times material hereto, Plaintiff, while employed by Defendant, did not fall within any of the classes of employees who are exempt from the FLSA's minimum wage or overtime provisions under 29 U.S.C. § 213.

15.     At all times material hereto, the work performed by Plaintiff was directly essential to the business performed by Defendant.

2

## FACTS

16.     Plaintiff began working for Defendant as a Production Assistant in June 2019, and she worked in this capacity until March 2020.

17.     On or about January 2020, Plaintiff was injured at work. Specifically, Plaintiff developed a chemical burn and rash on her neck.

18.     On or about the same day, Plaintiff notified Defendant of the injury that she had suffered at work.

19.     Under the FWCA, Plaintiff had a valid claim for benefits for the injury that she sustained at work.

20.     Defendant downplayed Plaintiff's injury and suggested she utilize ointments to treat the burn. At one point, Defendant provided to Plaintiff her own personal protective wear that would not be shared with other employees, but the chemical burn and rash on her neck continued.

21.     By attempting to pursue her right to file a valid Workers' Compensation claim, Plaintiff engaged in protected activity under the FWCA.

22.     On or about March 2020, Defendant retaliated against Plaintiff for lawfully claiming benefits under the FWCA by terminating Plaintiff's employment.

23.     Defendant failed to record all of Plaintiff's hours she worked for March 17, 2020, thereby paying Plaintiff less than the applicable minimum wage.

24.     Defendant also withheld from Plaintiff's final paycheck all monies earned as an alleged re-payment of an advance, thus leaving Plaintiff with less than the applicable minimum wage for that entire pay period.

25.     Defendant failed to pay Plaintiff minimum wage for all hours that she worked, in violation of the FLSA.

26.     Defendant's actions were willful, and showed reckless disregard for the provisions of the FLSA.

27.     At all times material hereto, Plaintiff worked hours at the direction of Defendant, and Plaintiff was not paid at least the applicable State of Florida minimum wage for all of the hours that she worked, in accordance with the Florida State Constitution and the FMWA.

## COUNT I – WORKERS' COMPENSATION RETALIATION

28.     Plaintiff realleges and readopts the allegations of paragraphs 1 through 22 of this Complaint, as though fully set forth herein.

29.     Plaintiff engaged in protected activity under the FWCA by filing or attempting to file a valid Workers' Compensation claim for an injury that he suffered at work.

30.     Defendant retaliated against Plaintiff for engaging in protected activity under the FWCA by terminating Plaintiff's employment.

31.     Plaintiff was injured as a result of Defendant's violations of the FWCA, Fla. Stat. § 440.205.

*WHEREFORE*, Plaintiff demands:

a)      A jury trial on all issues so triable;

b)      That process issue, and that this Court take jurisdiction over the case;

c)      That this Court enter a declaratory judgment stating that Defendant retaliated against Plaintiff, in violation of Fla. Stat. § 440.205;

d)      Compensation for lost wages, benefits, and other remuneration;

e)      Compensatory damages, including damages recoverable for emotional distress allowable at law; and

f)      For such further relief as this Court deems just.

## COUNT II – FLORIDA MINIMUM WAGE ACT VIOLATION

4

32.     Plaintiff realleges and readopts the allegations of Paragraphs 1 through 27 of this Complaint, as though fully set forth herein.

33.     Plaintiff has exhausted all of her administrative and pre-suit requirements under Fla. Stat. § 448.110. Specifically, Plaintiff has notified Defendants of the deficiency in her wages in writing. In this written notice, Plaintiff identified the applicable State minimum wage at issue, provided actual dates and hours or accurate estimates of all of the periods of employment for which minimum wage payment is sought, and listed the total amount of her alleged unpaid wages through the date of the notice.

34.     During the statutory period, Defendants did not pay Plaintiff the applicable Florida statutory minimum wage, as Defendants were required to do under Section 24, Article X of the Florida Constitution and the FMWA.

35.     As a result of the foregoing, Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff demands:

(a)     A jury trial for all issues so triable;

(b)     That process issue, and that this Court assert jurisdiction over these claims;

(c)     Judgment against Defendants for an amount equal to Plaintiff's unpaid wages, computed at a hourly rate equal to the applicable State of Florida minimum wage;

(d)     Judgment against Defendants, stating that their violations of the FMWA were willful;

(e)     Liquidated damages in an amount equal to Plaintiff's unpaid wages, computed at a hourly rate equal to the applicable State of Florida minimum wage;

(f)     To the extent that liquidated damages are not awarded, an award of prejudgment interest;

(g)     A declaration that Defendants' practices as to Plaintiff were unlawful, and a grant of equitable relief to Plaintiff;

(h)     All costs and attorneys' fees incurred in prosecuting these claims; and

(i)     For such further relief as this Court deems just and equitable.

## COUNT III – FLSA MINIMUM WAGE VIOLATION

36.     Plaintiff realleges and readopts the allegations of paragraphs 1 through 27 of this Complaint, as though fully set forth herein.

37.     During the statutory period, Plaintiff worked for Defendant, and she was not paid the applicable minimum wage for the hours that she worked, as mandated by the FLSA.

38.     The foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a).

39.     As a result of the foregoing, Plaintiff has suffered damages.

*WHEREFORE*, Plaintiff demands:

a)     Judgment against Defendant for an amount equal to Plaintiff's unpaid back wages at the applicable statutory minimum wage;

b)     Judgment against Defendant stating that Defendant's violations of the FLSA were willful;

c)     An amount equal to Plaintiff's minimum wage damages as liquidated damages;

6

d)      To the extent liquidated damages are not awarded, an award of prejudgment interest;

e)      A declaratory judgment that Defendant's practices as to Plaintiff were unlawful, and grant Plaintiff equitable relief;

f)      All costs and attorney's fees incurred in prosecuting these claims; and

g)      For such further relief as this Court deems just and equitable.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues so triable.

Dated this 18th day of May, 2020.

Respectfully submitted,

_____
**BRANDON J. HILL**
Florida Bar Number: 0037061
Direct Dial: 813-337-7992
**AMANDA E. HEYSTEK**
Florida Bar Number: 0285020
Direct Dial: 813-379-2560
**WENZEL FENTON CABASSA, P.A.**
1110 N. Florida Avenue, Suite 300
Tampa, Florida 33602
Main Number: 813-224-0431
Facsimile: 813-229-8712
Email: bhill@wfclaw.com
Email: aheystek@wfclaw.com
Email: rcooke@wfclaw.com
**Attorneys for Plaintiff**