UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO.: 8:20-CV-01140-T-30AEP

SHAQUIESHA CUBBY,

    Plaintiff,

v.

BODY LLC d/b/a BODY
NUTRITION,

    Defendant.
_____/

**JOINT MOTION FOR APPROVAL OF PROPOSED SETTLEMENT OF CLAIMS BROUGHT PURSUANT TO 29 U.S.C. § 206 OF THE FAIR LABOR STANDARDS ACT AND STIPULATION FOR DISMISSAL WITH PREJUDICE AND MEMORANDUM OF LAW IN SUPPORT THEREOF**

The Plaintiff, Shaquiesha Cubby ("Cubby"), and Defendant, Body, LLC d/b/a Body Nutrition ("Body"), submit this joint motion for approval of settlement of claims brought pursuant to 29 U.S.C. § 206[1] of the Fair Labor Standards Act, (*See* Doc. # 1 at Count III), and in support of said motion state as follows:

---

[1] The Parties have also resolved Cubby's pending claims for workers' compensation retaliation pursuant to Section 440.205, Florida Statutes, in Count I of the Complaint. The approval process for FLSA wage cases as dictated by *Lynn's Food Stores, Inc.* does not apply to workers' compensation retaliation claims. *See e.g. See e.g. McQuillan v. H.W. Lochner, Inc.,* 2013 U.S. Dist. LEXIS 167129, 2013 WL 6184063 (M.D. Fla. Nov. 25, 2013) (settlement of non-FLSA claims need not be approved by the District Court).

1

1. Cubby and Body submit this joint motion for approval of settlement of claims brought pursuant to 29 U.S.C. § 206 of the Fair Labor Standards Act as set forth in the FLSA SETTLEMENT AGREEMENT AND RELEASE ("FLSA Agreement") by and between Cubby and Body dated July 15, 2020. A copy of the executed FLSA Agreement is attached hereto as Exhibit "A." The parties move this Court for approval of the FLSA Agreement as it pertains to 29 U.S.C. § 206 of the Fair Labor Standards Act and the wage claim under Chapter 448, Florida Statutes (*See* Doc. # 1 at Counts II and III).

2. On May 18, 2020, Cubby filed a three count Complaint against Body (Doc. # 1) asserting claims for alleged minimum wage violations under the FLSA (Count II) and alleged minimum wage violations under the Florida Constitution and Ch. 448, Fla. Stat. (The Florida Minimum Wage Act) (Count II).

3. Additionally, Cubby asserted a claim for alleged workers' compensation retaliation under Ch. 440.205, Fla. Stat. (Count I) in which she claims she was retaliated against for filing or attempting to file a workers' compensation claim. The parties negotiated the settlement of the workers' compensation claims claim separately and without regard to the amount being paid to Cubby for her alleged unpaid minimum wage claims and said settlement in no way has contaminated Cubby's unpaid wage settlement. *Johnson v. Overdrive Systems II, Inc.*, 2016 WL 3511758 *2 (M.D. Fla. June 1, 2016).

4. Cubby's wage claims were highly disputed and Body had defenses

including *inter alia* (a) that Cubby's wages were fully and properly paid; (b) a defense arising under Section 11 of the FLSA (29 U.S.C. §260) that any claim by Cubby for liquidated damages is barred; (c) defenses disputing the amounts claimed as due; and (d) all wages claimed to be owed by Body were subject to a credit relating to an unpaid balance due from Cubby on a cash advance provided to her for her personal and direct benefit which exceeded the amounts claimed to be owed in the Lawsuit and (e) any sums claimed to be owed to Cubby were set off by the balance of a personal advance made to Cubby. Counsel for the parties had several discussions on each parties' position, and the nature of Cubby's claims in light of the cash advance made to Cubby that remained due and owed. Notwithstanding this dispute, Cubby acknowledges that her wage claims, if any, have been fully paid by this FLSA Agreement.

  5. The parties now seek approval of the unpaid minimum wage claims. The parties agree that the FLSA Agreement is fair and reasonable and fully resolves the minimum wage issues in dispute, and that approval of the Agreement and dismissal of this action with prejudice promote the policy of encouraging settlement of litigation. *See Lynn's Food Stores, Inc. v. U.S. Department of Labor*, 679 F.2d 1350, 1354 (11th Cir. 1982); *Dail v. George A. Arab, Inc.,* 391 F.Supp.2d 1142, 1145 (M.D. Fla. 2005).

6. The parties have agreed to settle the wage claims as follows:

(A)   $400.00 to Cubby for wages due upon which payment will be paid in full for all hours worked at Body (this will be a W-2 payment). In the interest of resolving this matter, the sum due was agreed upon as payment in full for any and all wages allegedly due;

(B)   $400.00 as payment in full to Cubby for her claim for liquidated damages under the FLSA (this is a 1099 payment);

(C)   $580.00 to Wenzel Fenton Cabassa, P.A., for attorneys' fees and $420.00 in costs.  Counsel for Cubby and Body negotiated attorneys' fees and costs as a separate element to avoid any compromise to any of Cubby's recovery. *Dees v. Hydradry, Inc.,* 706 F. Supp. 2d 1227, 1243 (M.D. Fla. 2010).[2]

The parties believe the FLSA Agreement is fair and reasonable and the Agreement. The Court can approve the settlement because the Agreement is "narrowly-tailored to the wage claims asserted in the complaint." *Bishop v. VIP Transportation Grp., LLC,* No. 615CV2118ORL22KRS, 2017 WL 1533834, at *4 (M.D. Fla. 2017), report and recommendation adopted, No. 615CV2118ORL22KRS, 2017 WL 1518133 (M.D. Fla. 2017).  The Court can approve the settlement because the FLSA Agreement does not contain: (1) a broad general release; (2) a confidentiality clause; (3) a no-rehire clause; or (4) a non-disparagement clause.

---

[2] Finally, this Court should also approve the attorneys' fees and costs provision of the Settlement Agreements because the parties complied with the ruling in *Bonetti v. Embarq. Mgmt. Co*., 2009 WL 2371407 (M.D. Fla. Aug., 2009) when determining fees and costs.  In Bonetti the Court held that if the Plaintiff's recovery and attorney's fees were settled independently of the Plaintiff's claims, there would be no need to file the attorney's billing records unless the fees were out of line compared with the settlement agreement. Thus, the award of attorney's fees and costs would no longer require approval using the lodestar approach.  In this case, Plaintiffs' fees and costs were negotiated and settled independently of Plaintiffs' FLSA claims.

4

7. While the separate agreement to resolve Cubby's workers' compensation retaliation claim (Count I) does contain provisions for a general release, confidentiality, no-rehire and non-disparagement these provisions are tailored to the general release of Cubby's non-FLSA claims, and as evidenced by the filing of the FLSA Agreement, the parties do not contend or request that the FLSA Agreement be kept confidential. Moreover, there is separate and adequate consideration for the general release, confidentiality, no-rehire and non-disparagement provisions in the non-FLSA agreement as Cubby brought a separate claim outside of the FLSA which was highly contested, and Cubby concedes that she owed sums of money to Body at the time of filing suit on an advance to Cubby for personal use. As part of the consideration for Cubby agreeing to the nonmonetary provisions in the non-FLSA agreement, Body has agreed to forego the sums owed to Body.

8. The parties, through their attorneys, voluntarily agreed to the terms of the FLSA Settlement Agreement and Release. Cubby agrees that she has entered into the settlement knowingly and voluntarily and after having the opportunity to fully discuss the issues with her counsel. *See generally King v. Wells Fargo Home Mortg.*, 2009 U.S. Dist. LEXIS 129054 *2 (M.D. Fla. July 30, 2009) ("Because the Plaintiff agreed to the settlement figure which was entered into knowingly and voluntarily, after having the opportunity to fully discuss it with an attorney, the Court concludes

5

that the proposed settlement is a fair and reasonable resolution of a bona fide dispute over the FLSA.").

9. If the Court finds any portion of the FLSA Agreement objectionable, the parties would request the Court to invoke the FLSA Agreement's severability clause and strike the objectionable portion from the agreement.

10. The parties believe that the FLSA Agreement is fair, reasonable and in their mutual interest. The payment to Cubby represents payment in full of her alleged wage claims/

WHEREFORE, Plaintiff, Shaquiesha Cubby, and Defendant, Body, LLC, jointly request that the Court grant this Motion, approve the FLSA Agreement and dismiss Counts II and III of this action with prejudice.

DATED this 15th day of July, 2020.

| /s/ Christopher R. Parkinson | /s/Amanda Heystek |
|---|---|
| CHRISTOPHER R. PARKINSON | AMANDA HEYSTEK |
| Florida Bar No. 112114 | Florida Bar No. 0285020 |
| cparkinson@morankidd.com | aheystek@wfclaw.com |
| Moran Kidd Lyons Johnson Garcia, P.A. | Wenton Fenzel Cabassa, P.A. |
| 111 North Orange Avenue, Suite 900 | 1110 N. Florida Avenue, Suite 300 |
| Post Office Box 472 | Tampa, Florida 33602 |
| Orlando, Florida 32802-0472 | Telephone: (813)_224-0431 |
| Telephone: (407) 841-4141 | Facsimile: (813) 229-8712 |
| Facsimile: (407) 841-4148 | Attorney for Plaintiff |
| Attorney for Defendant | |