# Exhibit A

# FLSA SETTLEMENT AGREEMENT AND RELEASE

**THIS FAIR LABOR STANDARDS ACT ("FLSA") SETTLEMENT AGREEMENT** made and entered into this 15th day of July, 2020 ("Agreement") by and between Shaquiesha Cubby ("Cubby") and Body, LLC dba Body Nutrition ("Body").

**WHEREAS**, Cubby, has filed a lawsuit in the United States District Court Middle District of Florida, Tampa Division, Case No.8:20-cv-1140-T-30AEP ("Lawsuit"), in which she asserted claims under the Fair Labor Standards Act and Florida Minimum Wage Act as well as Article X, Section 24, of the Florida Constitution regarding alleged wages owed (collectively, "Wage Claims");

**WHEREAS**, this Agreement is made as the result of a bona fide dispute between the parties regarding the validity of the Lawsuit and the purported claims that underlie the Lawsuit;

**WHEREAS**, the parties desire to amicably resolve the Lawsuit together with any and all Claims, as hereinafter defined, that Cubby may have against Body whether or not asserted in the Lawsuit; and

**WHEREAS**, Cubby and Body have entered into good faith discussions resulting in this Agreement, and the parties believe that this Agreement is in their mutual interest.

**NOW THEREFORE**, in consideration of the foregoing and other promises and mutual covenants contained herein, and other good and valuable consideration, receipt of which is hereby acknowledged, it is agreed as follows:

1. Body shall pay the total sum of $800.00 to Cubby (allocated more fully below) in full and final settlement and release of the Wage Claims asserted in the Lawsuit and a payment of $1,000.00 in attorneys' fees and costs to Cubby's counsel. Payment by Body shall be made within fifteen (15) days after the approval of this Agreement by the Court. Payment shall be delivered to Cubby's counsel, Amanda Heystek, Esquire, Wenzel Fenton Cabassa, P.A., 1110 North Florida Avenue, Suite 300, Tampa, Florida 33602. This settlement payment, which was negotiated separately from attorneys' fees and costs to avoid any compromise to Cubby's recovery, shall be allocated as follows:

    (A) $400.00 for wages due upon which payment will be paid in full for all hours worked at Body (this will be a W-2 payment) and;

    (B) $400.00 as payment in full to Cubby for her claim for liquidated damages under the FLSA (this is a 1099 payment); and

   (C) $580.00 to Wenzel Fenton Cabassa, P.A., for attorneys' fees and $420.00 in costs. Cubby is specifically aware of, and agrees with, the amount of attorneys' fees and costs to be paid to her counsel, Wenzel Fenton Cabassa, P.A., for representing her interests in this matter.

The sums referenced above may be paid by separate checks and all checks shall be deemed received by Cubby when delivered to Cubby's counsel. Any tax consequences associated with such payments shall be the sole and exclusive responsibility and obligation of Cubby. Cubby hereby agrees to indemnify, defend and hold Body harmless of and from any tax liability in any way arising from or related to this Agreement or any payments made under this Agreement, which indemnity shall include any attorneys' fees or costs incurred in connection with defense of any tax liability asserted. Upon approval by the Court and subsequent payment of the settlement payment(s) referenced above, the Lawsuit will be dismissed with prejudice.

  2. Cubby agrees that she is not entitled to any other compensation, benefits or other payments of any nature from Body for wages, overtime, liquidated damages or attorneys' fees or costs in any manner arising from the FLSA, her Wage Claims, or her wage and hour claims, claims for unpaid minimum wage or overtime wages, record keeping requirements pursuant to the FLSA, notice posting requirements pursuant to the FLSA, liquidated damages or attorneys' fees or costs pursuant to the FLSA, Florida Statutes, and the Florida Constitution, except as set forth in this Agreement. Cubby acknowledges that the sums paid hereunder are the result of a bona fide dispute amongst the parties, the sums paid hereunder are payment in full for any wages she claims are due and by this Agreement that she has been fully and properly paid for all hours worked for Body including all hours as alleged in the Lawsuit.

  3. **RELEASE OF FLSA CLAIMS AND WAGE CLAIMS** - With the exception of the obligations arising under this Agreement, Cubby irrevocably and unconditionally releases, remises, acquits, satisfies, and forever discharges Body (all references to Body in this paragraph (including sub-parts) and paragraphs 2, above, and 5, below, shall include all past and present: officers, managers, members, shareholders, employees, owners, supervisors, agents, representatives, insurers, attorneys, any affiliates, parent, subsidiaries and related entities, and any successors and assigns of any of these parties including without limitation any employer as defined by 29 U.S.C. § 203 and applicable case law ) of and from any and all manner of claims, controversies, causes of action, action and actions, suits, debts, dues, sums of money, rights, obligations, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, leases, guarantees, promises, liens, mortgages, notes, variances, trespasses, damages, judgments, executions, claims, counterclaims, claims for attorneys' fees and demands, whatsoever, whether in law or in equity, both past and present, known and unknown, (all collectively referred to as "Claims") which Cubby ever had, now has, or hereafter can, shall or may have, against Body for, upon or by reason of any matter, cause or thing

Initial Each Page ____SC____|_____ Page 2 of 5

whatsoever, from the beginning of the world to the date of execution of this Agreement **that in any manner arise directly or indirectly from: the Fair Labor Standards Act (including without limitation any claims for unpaid minimum wages, liquidated damages or attorneys' fees and costs), her Wage Claims, Claims under Ch. 448, Florida Statutes, hours worked, Claims under any laws, statutes, regulations, code, rules, ordinances, of the Florida Constitution related to wages or the payment of wages, record keeping requirements related to wages, and notice posting requirements pursuant to wages.** Cubby further covenants and agrees not to sue Body for any of the Claims released hereby and agrees that if she does so she shall be in material breach of this Agreement.

Cubby hereby represents and warrants that she has full and complete power and authority to release any and all Claims, that there has been no assignment of any Claims of Cubby against Body, and that there are no other parties who are entitled to assert any of the Claims released hereby.

4. Cubby agrees that this Agreement binds her and also binds her heirs, executors, administrators, assigns, agents, and successors in interest.

5. This Agreement shall not in any way be construed as an acknowledgment or admission by Body that any claims by Cubby validly exist or that any violation of Cubby's rights, any statutory provision, any common law principle or constitution has occurred. Instead, this Agreement is made to avoid the cost and expense of litigation and entered into to reach a fair and reasonable compromise to resolve a bona fide dispute arising out the provisions of the FLSA with finality on a mutually agreeable basis.

6. Should any provisions of this Agreement be declared or determined to be illegal or invalid, the validity of the remaining parts, terms, or provisions shall not be affected thereby, and the illegal or invalid part, term, or provision shall be deemed not to be a part of this Agreement. The parties agree that failure of any party to insist upon strict performance of this Agreement shall not be construed as a waiver of any rights to enforce this Agreement. No waiver of any breach or default hereunder shall be deemed a waiver of any subsequent breach or default.

7. Cubby agrees to cooperate fully in obtaining court approval and agrees to support this Agreement as fair and reasonable and entered into voluntarily to resolve a bona fide dispute between the parties and by which Cubby has been fully paid on her wage claims.

8. Cubby agrees to execute or endorse any and all other instruments, papers, or documents that may be reasonably required to carry out or to fully effectuate this Agreement, including, if required IRS Form W-9s.

Initial Each Page ____[initials]____ | _____    Page 3 of 5

9. In the event that either party breaches this Agreement and the other party seeks to enforce it, the prevailing party in any such action shall be entitled to recover damages, costs, out-of-pocket expenses, and reasonable attorneys' fees.

10. This Agreement constitutes the full and complete agreement between Cubby and Body with respect to settlement of Cubby's Wage Claims. This Agreement shall not be modified or amended except by written agreement signed by Cubby and Body. Any true fully executed copy of this Agreement, including any fully executed electronic or facsimile copy hereof, shall be deemed to constitute an original of the same. This Agreement may be executed in counterparts.

11. This Agreement shall be governed and interpreted according to Florida law. Any action to enforce this Agreement shall have as its venue, Hillsborough County, Florida. IN THE EVENT OF ANY LITIGATION ARISING OUT OF, OR TO ENFORCE THIS AGREEMENT, EACH PARTY EXPRESSLY WAIVES ALL RIGHTS TO TRIAL BY JURY OF ANY SUCH ACTION.

12. **FLSA ACKNOWLEDGMENT** - To the extent this Agreement releases any claims for wages, overtime, liquidated damages or any other compensation under the Fair Labor Standards Act, Cubby acknowledges that this settlement is fair and reasonable. Cubby also acknowledges the Fair Labor Standards Act claims were the subject of a bona fide dispute between the parties as to their validity and amount, and that Cubby has asserted that certain defenses apply to this claim including, without limitation, defenses related to: (a) a defense that Cubby's wages were fully and properly paid; (b) a defense arising under Section 11 of the FLSA (29 U.S.C. §260) that any claim by Cubby for liquidated damages is barred; (c) defenses disputing the amounts claimed as due;(d) Body promptly, fully and properly paid Cubby for all hours worked; and (e) all wages claimed by Cubby to be owed by Body were subject to a credit relating to an unpaid balance due from Cubby on a cash advance provided to her for her personal and direct benefit which exceeded the amounts claimed to be owed by Cubby in the Lawsuit. Notwithstanding this dispute, Cubby acknowledges that her wage claims, if any, have been fully paid by this Agreement.

13. **NOTICE UNDER THE FAIR LABOR STANDARDS ACT** - This Agreement contains a waiver and release of any Claims that Cubby may have under the Fair Labor Standards Act. Cubby's acceptance of this Agreement and payments under this Agreement (which includes portions allocated to back wages that Cubby has claimed as due under the Fair Labor Standards Act) means that Cubby has given up any right she may have to bring or continue a suit for back wages under Section 16(b) of that Act. Section 16(b) provides that an employee may bring suit on his/her own behalf for unpaid minimum wages and/or overtime compensation and an equal amount as liquidated damages, plus attorneys' fees and court costs. The statute of limitations for Fair Labor Standards Act suits requires that a suit for unpaid minimum wages and/or overtime

Initial Each Page ___SC___| _____   Page 4 of 5

compensation must be filed within 2 years of a violation of the Act, except that a suit for a willful violation must be filed within 3 years of the violation. Cubby should not sign this Agreement unless she believes it is a fair and reasonable settlement of her claims for back wages due under the FLSA.

14. By placing her signature on this Agreement, Cubby represents and certifies that she has carefully read and studied this Agreement and fully understands all provisions and effects of this Agreement. Cubby further acknowledges that she has been represented by counsel and had the full opportunity to consult with her attorney prior to execution of this Agreement. Cubby represents that she is entering into this Agreement freely and voluntarily and that no representation(s) concerning the terms and effects of this Agreement have been made by Body, its agents, representative or attorneys. Further, this Agreement will not become enforceable or effective until it has been approved by the Court as required by applicable law.

**IN WITNESS WHEREOF**, the parties have duly executed this Agreement as of the day and year first above written.

*Shaquiesha Cubby*
_____
**Shaquiesha Cubby**

Date:___07 / 15 / 2020_____

**Body LLC dba Body Nutrition**

Sign:_____

Print:_____

Title:_____

Date:_____

Initial Each Page ___SC___|_____   Page 5 of 5

## FLSA SETTLEMENT AGREEMENT AND RELEASE

**THIS FAIR LABOR STANDARDS ACT ("FLSA") SETTLEMENT AGREEMENT** made and entered into this 15th day of July, 2020 ("Agreement") by and between Shaquiesha Cubby ("Cubby") and Body, LLC dba Body Nutrition ("Body").

**WHEREAS**, Cubby, has filed a lawsuit in the United States District Court Middle District of Florida, Tampa Division, Case No.8:20-cv-1140-T-30AEP ("Lawsuit"), in which she asserted claims under the Fair Labor Standards Act and Florida Minimum Wage Act as well as Article X, Section 24, of the Florida Constitution regarding alleged wages owed (collectively, "Wage Claims");

**WHEREAS**, this Agreement is made as the result of a bona fide dispute between the parties regarding the validity of the Lawsuit and the purported claims that underlie the Lawsuit;

**WHEREAS**, the parties desire to amicably resolve the Lawsuit together with any and all Claims, as hereinafter defined, that Cubby may have against Body whether or not asserted in the Lawsuit; and

**WHEREAS**, Cubby and Body have entered into good faith discussions resulting in this Agreement, and the parties believe that this Agreement is in their mutual interest.

**NOW THEREFORE**, in consideration of the foregoing and other promises and mutual covenants contained herein, and other good and valuable consideration, receipt of which is hereby acknowledged, it is agreed as follows:

1. Body shall pay the total sum of $800.00 to Cubby (allocated more fully below) in full and final settlement and release of the Wage Claims asserted in the Lawsuit and a payment of $1,000.00 in attorneys' fees and costs to Cubby's counsel. Payment by Body shall be made within fifteen (15) days after the approval of this Agreement by the Court. Payment shall be delivered to Cubby's counsel, Amanda Heystek, Esquire, Wenzel Fenton Cabassa, P.A., 1110 North Florida Avenue, Suite 300, Tampa, Florida 33602. This settlement payment, which was negotiated separately from attorneys' fees and costs to avoid any compromise to Cubby's recovery, shall be allocated as follows:

    (A) $400.00 for wages due upon which payment will be paid in full for all hours worked at Body (this will be a W-2 payment) and;

    (B) $400.00 as payment in full to Cubby for her claim for liquidated damages under the FLSA (this is a 1099 payment); and

      (C)     $580.00 to Wenzel Fenton Cabassa, P.A., for attorneys' fees and $420.00 in costs. Cubby is specifically aware of, and agrees with, the amount of attorneys' fees and costs to be paid to her counsel, Wenzel Fenton Cabassa, P.A., for representing her interests in this matter.

The sums referenced above may be paid by separate checks and all checks shall be deemed received by Cubby when delivered to Cubby's counsel. Any tax consequences associated with such payments shall be the sole and exclusive responsibility and obligation of Cubby. Cubby hereby agrees to indemnify, defend and hold Body harmless of and from any tax liability in any way arising from or related to this Agreement or any payments made under this Agreement, which indemnity shall include any attorneys' fees or costs incurred in connection with defense of any tax liability asserted. Upon approval by the Court and subsequent payment of the settlement payment(s) referenced above, the Lawsuit will be dismissed with prejudice.

     2.     Cubby agrees that she is not entitled to any other compensation, benefits or other payments of any nature from Body for wages, overtime, liquidated damages or attorneys' fees or costs in any manner arising from the FLSA, her Wage Claims, or her wage and hour claims, claims for unpaid minimum wage or overtime wages, record keeping requirements pursuant to the FLSA, notice posting requirements pursuant to the FLSA, liquidated damages or attorneys' fees or costs pursuant to the FLSA, Florida Statutes, and the Florida Constitution, except as set forth in this Agreement. Cubby acknowledges that the sums paid hereunder are the result of a bona fide dispute amongst the parties, the sums paid hereunder are payment in full for any wages she claims are due and by this Agreement that she has been fully and properly paid for all hours worked for Body including all hours as alleged in the Lawsuit.

     3.     **RELEASE OF FLSA CLAIMS AND WAGE CLAIMS** - With the exception of the obligations arising under this Agreement, Cubby irrevocably and unconditionally releases, remises, acquits, satisfies, and forever discharges Body (all references to Body in this paragraph (including sub-parts) and paragraphs 2, above, and 5, below, shall include all past and present: officers, managers, members, shareholders, employees, owners, supervisors, agents, representatives, insurers, attorneys, any affiliates, parent, subsidiaries and related entities, and any successors and assigns of any of these parties including without limitation any employer as defined by 29 U.S.C. § 203 and applicable case law ) of and from any and all manner of claims, controversies, causes of action, action and actions, suits, debts, dues, sums of money, rights, obligations, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, leases, guarantees, promises, liens, mortgages, notes, variances, trespasses, damages, judgments, executions, claims, counterclaims, claims for attorneys' fees and demands, whatsoever, whether in law or in equity, both past and present, known and unknown, (all collectively referred to as "Claims") which Cubby ever had, now has, or hereafter can, shall or may have, against Body for, upon or by reason of any matter, cause or thing

Initial Each Page _____ (Greg Sim) Page 2 of 5

whatsoever, from the beginning of the world to the date of execution of this Agreement **that in any manner arise directly or indirectly from: the Fair Labor Standards Act (including without limitation any claims for unpaid minimum wages, liquidated damages or attorneys' fees and costs), her Wage Claims, Claims under Ch. 448, Florida Statutes, hours worked, Claims under any laws, statutes, regulations, code, rules, ordinances, of the Florida Constitution related to wages or the payment of wages, record keeping requirements related to wages, and notice posting requirements pursuant to wages.** Cubby further covenants and agrees not to sue Body for any of the Claims released hereby and agrees that if she does so she shall be in material breach of this Agreement.

Cubby hereby represents and warrants that she has full and complete power and authority to release any and all Claims, that there has been no assignment of any Claims of Cubby against Body, and that there are no other parties who are entitled to assert any of the Claims released hereby.

4.   Cubby agrees that this Agreement binds her and also binds her heirs, executors, administrators, assigns, agents, and successors in interest.

5.   This Agreement shall not in any way be construed as an acknowledgment or admission by Body that any claims by Cubby validly exist or that any violation of Cubby's rights, any statutory provision, any common law principle or constitution has occurred. Instead, this Agreement is made to avoid the cost and expense of litigation and entered into to reach a fair and reasonable compromise to resolve a bona fide dispute arising out the provisions of the FLSA with finality on a mutually agreeable basis.

6.   Should any provisions of this Agreement be declared or determined to be illegal or invalid, the validity of the remaining parts, terms, or provisions shall not be affected thereby, and the illegal or invalid part, term, or provision shall be deemed not to be a part of this Agreement. The parties agree that failure of any party to insist upon strict performance of this Agreement shall not be construed as a waiver of any rights to enforce this Agreement. No waiver of any breach or default hereunder shall be deemed a waiver of any subsequent breach or default.

7.   Cubby agrees to cooperate fully in obtaining court approval and agrees to support this Agreement as fair and reasonable and entered into voluntarily to resolve a bona fide dispute between the parties and by which Cubby has been fully paid on her wage claims.

8.   Cubby agrees to execute or endorse any and all other instruments, papers, or documents that may be reasonably required to carry out or to fully effectuate this Agreement, including, if required IRS Form W-9s.

Initial Each Page _____ [initials] Page 3 of 5

9. In the event that either party breaches this Agreement and the other party seeks to enforce it, the prevailing party in any such action shall be entitled to recover damages, costs, out-of-pocket expenses, and reasonable attorneys' fees.

10. This Agreement constitutes the full and complete agreement between Cubby and Body with respect to settlement of Cubby's Wage Claims. This Agreement shall not be modified or amended except by written agreement signed by Cubby and Body. Any true fully executed copy of this Agreement, including any fully executed electronic or facsimile copy hereof, shall be deemed to constitute an original of the same. This Agreement may be executed in counterparts.

11. This Agreement shall be governed and interpreted according to Florida law. Any action to enforce this Agreement shall have as its venue, Hillsborough County, Florida. IN THE EVENT OF ANY LITIGATION ARISING OUT OF, OR TO ENFORCE THIS AGREEMENT, EACH PARTY EXPRESSLY WAIVES ALL RIGHTS TO TRIAL BY JURY OF ANY SUCH ACTION.

12. **FLSA ACKNOWLEDGMENT** - To the extent this Agreement releases any claims for wages, overtime, liquidated damages or any other compensation under the Fair Labor Standards Act, Cubby acknowledges that this settlement is fair and reasonable. Cubby also acknowledges the Fair Labor Standards Act claims were the subject of a bona fide dispute between the parties as to their validity and amount, and that Cubby has asserted that certain defenses apply to this claim including, without limitation, defenses related to: (a) a defense that Cubby's wages were fully and properly paid; (b) a defense arising under Section 11 of the FLSA (29 U.S.C. §260) that any claim by Cubby for liquidated damages is barred; (c) defenses disputing the amounts claimed as due;(d) Body promptly, fully and properly paid Cubby for all hours worked; and (e) all wages claimed by Cubby to be owed by Body were subject to a credit relating to an unpaid balance due from Cubby on a cash advance provided to her for her personal and direct benefit which exceeded the amounts claimed to be owed by Cubby in the Lawsuit. Notwithstanding this dispute, Cubby acknowledges that her wage claims, if any, have been fully paid by this Agreement.

13. **NOTICE UNDER THE FAIR LABOR STANDARDS ACT** - This Agreement contains a waiver and release of any Claims that Cubby may have under the Fair Labor Standards Act. Cubby's acceptance of this Agreement and payments under this Agreement (which includes portions allocated to back wages that Cubby has claimed as due under the Fair Labor Standards Act) means that Cubby has given up any right she may have to bring or continue a suit for back wages under Section 16(b) of that Act. Section 16(b) provides that an employee may bring suit on his/her own behalf for unpaid minimum wages and/or overtime compensation and an equal amount as liquidated damages, plus attorneys' fees and court costs. The statute of limitations for Fair Labor Standards Act suits requires that a suit for unpaid minimum wages and/or overtime

Initial Each Page _____ [signature: Greg Sim] Page 4 of 5

compensation must be filed within 2 years of a violation of the Act, except that a suit for a willful violation must be filed within 3 years of the violation. Cubby should not sign this Agreement unless she believes it is a fair and reasonable settlement of her claims for back wages due under the FLSA.

14. By placing her signature on this Agreement, Cubby represents and certifies that she has carefully read and studied this Agreement and fully understands all provisions and effects of this Agreement. Cubby further acknowledges that she has been represented by counsel and had the full opportunity to consult with her attorney prior to execution of this Agreement. Cubby represents that she is entering into this Agreement freely and voluntarily and that no representation(s) concerning the terms and effects of this Agreement have been made by Body, its agents, representative or attorneys. Further, this Agreement will not become enforceable or effective until it has been approved by the Court as required by applicable law.

**IN WITNESS WHEREOF**, the parties have duly executed this Agreement as of the day and year first above written.

**Shaquiesha Cubby**

Date:_____

**Body LLC dba Body Nutrition**

Sign: *Greg Simek*

Print: GREG SIMEK

Title: OWNER

Date: 7/15/20

Initial Each Page _____|_____     Page 5 of 5